NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YONGDONG SHI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-866

Agency No.
A215-546-406

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Yongdong Shi, a native and citizen of China, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Shi's demeanor, inconsistencies between his testimony and asylum application as to who was arrested and the date of his arrest, and inconsistencies between his testimony and record evidence as to the extent of his injuries, the length of his detention, and when he became a Christian. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (demeanor finding supported where IJ provided "specific, first-hand observations," and an inconsistency between applicant's testimony and documentary evidence undermined credibility). Shi's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Shi's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Shi does not challenge the agency's denial of CAT protection, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80

(9th Cir. 2013).

The temporary stay of removal remains in effect until the mandate issues.

**PETITION FOR REVIEW DENIED.**